IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANIE D. COBB, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:09cv226-MEF |
| | ) | |
| v. | ) | |
| | ) | |
| ALABAMA DEPT. OF HUMAN RESOURCES, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a Complaint (Doc. #1) alleging unlawful race, sex, and age-based employment discrimination against her in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.  On March 25, 2009, this matter was referred to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate."  Order (Doc. #2).  Upon service of the Complaint, Defendants filed a "Motion to Dismiss, Or In The Alternative, For More Difinite [sic] Statement" (Doc. #5).  On May 12, 2009, the Court ordered Plaintiff to show cause why Defendants' Motion should not be granted.  Order (Doc. #6).  On June 1, 2009, Plaintiff filed a Motion For Leave To File Amended Complaint (Doc. #7), to which she attached a copy of her proposed Amended Complaint.  Plaintiff also filed her "Opposition To Defendant's Motion To Dismiss, Or In The Alternative, For More Definite Statement Submits An Amended EEOC Complaint And In Response to Court Order" (Doc.

#8).[1]  On June 12, 2009, without the Court having ruled on Defendants' first motion, Defendants filed a "Second Motion To Dismiss, Or In The Alternative, For More Definite Statement" (Doc. #9).  On June 23, 2009, Plaintiff filed her "Opposition" (Doc. #10) to Defendants' second motion and another "Motion to Amend" (Doc. #11) her Complaint.[2]  On July 7, 2009, Defendants filed their Response (Doc. #12) to Plaintiff's Opposition.  On August 7, 2009, Defendants filed a "Supplement" (Doc. #13) to their "Second Motion To Dismiss, Or In The Alternative, For More Definitive Statement."  Finally, on August 31, 2009, Defendants filed a "Motion To Dismiss On Behalf Of A Deceased Party" (Doc. #14), in which Defendants assert that Defendant Thomas King should be dismissed as a defendant due to his recent passing.  All of these pleadings are presently before the undersigned for consideration.

**I.      BACKGROUND**

In October, 2008, Plaintiff initiated an Equal Employment Opportunity Commission [EEOC] discrimination charge.  In the charge, Plaintiff alleged that

> I am a 47 year old Black female. . . .  Since 2007 I have been inflicted with insects in my department.  Since May of 2008, I have been affected by hazardous chemicals I believe to be in my work space.  I notified the employer and they have failed to take action to identify the insects or hazardous chemical.  Additionally, no action has been taken to eliminate the problems.

---

[1] Upon review, it appears that Plaintiff's proposed Amended Complaint and her "Opposition" to Defendants' Motion are identical excepting the prefatory paragraph included in the "Opposition."

[2] This Motion to Amend requests only the correction of Defendant Craig Nelson's name to Donald Craig Nelson.

2

> On September 10, 2008, I moved to a new location within the office. Because I am still in the same building, the employees who are placing the poisonous insects and hazardous chemicals at my work station may continue to do so at my new location.

On December 19, 2008, the EEOC mailed to Plaintiff a notice-of-right-to-sue-letter in which the Commission explained that it was closing its file on her charge because it was unable to determine that Defendants had committed unlawful employment discrimination. Plaintiff filed suit in this Court on March 18, 2009.

Plaintiff's original Complaint is a perplexing document. Discerning, in clear and concise terms, Plaintiff's allegations of discrimination has proved somewhat difficult. She claims that "[t]he acts of discriminations [sic] happened on more than one day. The abuse started around The first act of discrimination started in [sic] 2004, stopped, but resurfaced under a different strategy in May 2007 to October 15, 2008." Complaint (Doc. #1) at 2. Substantively, Plaintiff alleges the following:

1)  "Defendant failed to provide a safe and non-hostile work environment as agreed by policy that guides harassment of an employee," *id.* at 2-3;

2)  "[r]etaliation" for Plaintiff's complaints "included moving from original desk to a new location where cold air and dust would blow down from the ceiling vent, plus within 24 inches from a HP printer which emits high printer ink dust," *id.* at 3;

3)  that, "around February 2009, new acts committed or omitted by Defendant; [sic] where I had to start wearing black gloves. I found that there is yellow substance that I was absorbing by skin contact. This substance appeared to be causing arteries constriction in my finger tips," *id.*;

4)  that Defendants treat her complaints as "free entertainment or a joke" while the complaints of white males are "taken more serious," *id.*;

5) various acts of "teasing," including "taking my wallet from out of my purse, taking my Christmas decorations from my desk, co-worker male-slipping old invoices on my desk while I was away. . . . One male employee brought rattle tail and was dancing around in front of me because he knew that I would be afraid," *id.* at 3-4;

6) "incidents of racial discrimination," which included compiling a spreadsheet that listed Plaintiff and "one white male employee and one white female employee," and "identified posting errors where invoices were not recorded as being paid," *id.*;

7) that Defendants employed an "'environmental strategy' of discrimination" relying upon poisonous insects and "toxic chemicals to induce ill health," *id.* at 4-5; and

8) that "Defendant used Family Medical Leave Policy [FAML] to discriminate and violate policy to label employee as disabled having mental disorders," *id.* at 5.

In addition to "damages, costs, and attorneys' fees if case is accepted by attorney," Plaintiff requests that she "be removed from the supervision of Craig Nelson and placed away from defendant's employees Steve Coker and David Garner because so much abuse happened under his supervision and with these two white male co-workers." *Id.* at 6.

Defendants' first "Motion To Dismiss, Or In The Alternative, For More Difinite [sic] Statement" (Doc. #5) asserts that Plaintiff's original Complaint failed to state a claim upon which relief could be granted and was so "vague and ambiguous" that Defendants could not prepare a proper response. After the Court directed Plaintiff to show cause why Defendants' Motion should not be granted, Plaintiff filed her proposed "Amended EEOC Complaint" and "Opposition" to Defendants' Motion to Dismiss. As noted above, these two documents are essentially identical. The "Amended EEOC Complaint" again alleges that Defendants'

"acts" constituted unlawful racial, gender, and age discrimination and that Defendants also violated the Family Medical Leave Act. "Amended EEOC Complaint" (Doc. #7, att. 1) at 2-3; "Plaintiff's Opposition" (Doc. #8) at 2-3. Specifically, the discriminatory "acts" identified by Plaintiff are as follows:

1) Defendants "conspired to use unlawful FMLA form to cover up facts of not promptly investigating Plaintiff's internal complaints and/or testing, removal of chemical substances on Plaintiff's desk and desk area. Defendants only sent out pest control for the bugs," *id.* at 5.

2) "conspired to falsify EEOC response" to Plaintiff's complaints, *id.*;

3) "violated ADHR's safety policy," *id.*;

4) violated ADHR's harassment policy," *id.*;

5) violations of ADHR's internal Employee Assistance Program, *id.*;

6) the "teasing" described in the original complaint, *id.*; and

7) "administrative abuse of authority and dishonest conduct caused mistrust and unfavorable work conditions," *id.*

Defendants again moved to dismiss the Complaint, contending that Plaintiff had failed to state a claim upon which relief may be granted and that the Complaint, even as amended, "remains cohesively incoherent" such that Defendants are unable to formulate a proper response. Plaintiff's "Opposition" to this Second Motion charged that Defendants are evading answering her claims in an effort to prevent her from being able to prove her claims in court. She reiterated what appears to be her primary claim - that, when she was hired, "there were no terms and conditions or State or Federal laws that chemicals and bugs would

5

be used in the employment, and against Plaintiff as a 'new form' of harassment or discrimination to force a termination of employment for medical reasons," and that "[i]f this is the 'new policy', it is not used equally with 1) non-black employees 2) male employees 3) employees under 40 years of age."  Defendants filed a Response to Plaintiff's "Opposition," and, later, a supplement to the Second Motion to Dismiss.  The Supplement raises, for the first time, Defendant's contention that the individually-named Defendants were not parties to Plaintiff's EEOC proceedings and, hence, may not be sued by Plaintiff in the instant matter.

## II.     ANALYSIS

The Court will address Defendants' assertion that this matter should be dismissed due to Plaintiff's alleged failure to state a claim upon which relief may be granted and, perhaps related, failure to adhere to the pleading requirements of the Federal Rules of Civil Procedure. Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996). To sufficiently state a claim of employment discrimination, whether based on age, race, or gender, Plaintiff need not plead a *prima facie* case of employment discrimination in her complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).  Rather, Plaintiff need include only "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 512; Fed. R. Civ. P. 8(a)(2).  The notice pleading requirement of Rule 8, as

6

emphasized in *Swierkiewicz*, does not absolve Plaintiff of the requirement to plead her claims with a degree of clarity and specificity. Plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."). Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations omitted). Accordingly, in her complaint, Plaintiff must present "'enough factual matter (taken as true) to suggest' intentional race [or age or gender] discrimination." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1965).

There can be little argument that, at best, Plaintiff's allegations, as summarized above, are vague, general, confusing, conclusory, and dependent on the sort of "unwarranted factual deductions" which are insufficient to state a claim for which relief could be granted.[3] It is apparent, from the totality of Plaintiff's allegations, that Plaintiff has not presented "'enough factual matter (taken as true) to suggest'" discrimination of any sort. While courts generally favor permitting amendment of the complaint rather than dismissal for failure to state a

---

[3] Candidly, the Court views the majority of Plaintiff's allegations - especially the poisonous insects and chemicals allegations at the heart of her complaint and EEOC proceedings - as bizarre, fantastic, and incredible. However, even Plaintiff concedes that Defendants attempted to abate the perceived insect problem by "sen[ding] out pest control for the bugs." "Amended EEOC Complaint" (Doc. #7, att. 1) at 5.

claim, s*ee Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (reversing district court's dismissal, for failure to state a claim, where Plaintiff presented a "shotgun" complaint which did not comply with Fed. R. Civ. P. 8 & 10), in this instance Plaintiff has already submitted one Amended Complaint and it is evident from her filings in this Court, as well as her EEOC charge, that Plaintiff is unable to state a cognizable claim of race, gender, or age discrimination based on the allegations she has thus far raised.

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that Defendants' Second Motion to Dismiss (Doc. #9), as supplemented (Doc. #13) be GRANTED and this matter DISMISSED for failure to state a claim upon which relief can be granted. The Magistrate Judge further

RECOMMENDS, for the reasons set forth above, as follows:

1. Defendants' "Motion to Dismiss, Or In The Alternative, For More Difinite [sic] Statement" (Doc. #5) be DENIED insofar as it seeks dismissal of the complaint prior to amendment but GRANTED as to the request for a more definite statement;

2. Plaintiff's "Motion For Leave To File Amended Complaint" (Doc. #7) be GRANTED;

3. Plaintiff's "Motion To Amend Motion For Leave To File Amended Complaint" (Doc. #11) be DENIED as moot;

4. Defendants' Motion to Dismiss on Behalf of Deceased Party (Doc. #14) be

DENIED as moot.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before September 14, 2009.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 1st day of September, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE