IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANIE D. COBB, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   CASE NO. 2:09-cv-226-MEF |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF HUMAN RESOURCES, et al., | )   (WO - Do Not Publish) |
| | ) |
|     DEFENDANTS. | ) |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Motion to Dismiss on Behalf of a Deceased Party (Doc. # 14) filed on August 31, 2009 by counsel for Thomas "Butch" King ("King"), one of several individuals employed by the State of Alabama Department of Human Resources ("DHR") Plaintiff has named as defendants to this action along with DHR, itself. Plaintiff, who appears in this Court *pro se*, brings suit pursuant to 42 U.S.C. § 2000e, which is commonly referred to as Title VII. Plaintiff alleges she suffered a variety of wrongs at the hands of the defendants during her employment with DHR. Plaintiff names King as a defendant to this action for acts he took as Personnel Director for DHR. Plaintiff admits that King ceased to hold a position with DHR on July 1, 2009 and that he died on August 24, 2009. Nonetheless, she challenges the appropriateness of the motion to dismiss King's counsel filed on his behalf.

The motion itself is problematic for several reasons. First, it purports to be a motion to dismiss, but relies on evidentiary matters outside the pleadings which is not appropriate.

Second, it states that the death of King requires dismissal of the claims against him. This is not one of the grounds recognized in Federal Rule of Civil Procedure 12. Finally, the evidentiary support for the fact of King's death is insufficient. A photocopy of a newspaper article is not akin to a death certificate or an affidavit establishing King's death. Moreover, as Plaintiff notes, Federal Rule of Civil Procedure 25(a) provides a procedure for the substitution of parties after the death of a party.

Plaintiff asserts that she brings suit against King in both his individual and his official capacities and that proper substitutions can be made for each type of claim. This assertion is problematic as well. First, it is very well settled that there is no individual liability pursuant to Title VII. Accordingly, Plaintiff has no valid claim against King in his individual capacity and would have no cause to have a representative of King's estate substituted as a defendant. Second, it is quite clear from Plaintiff's submissions to the Court that as of the date of the filing of the Amended Complaint, King occupied no official capacity with DHR because he had already retired. Plaintiff's suit pursuant to Title VII is properly brought against her employer, DHR, and her employer only. The claims against the other defendants in their official capacities are merely redundant and unnecessary. Thus, while it is possible that Plaintiff could amend her complaint to name King's successor in his or her official capacity, it would seem to the Court that this would be an exercise in futility.

For the foregoing reasons, the Court is compelled to conclude that the Motion to Dismiss on Behalf of a Deceased Party (Doc. # 14) is due to be and hereby is DENIED.

Counsel for Defendants is urged to file a proper Suggestion of Death.  Plaintiff is cautioned to carefully consider whether she will pursue substitution of any party in lieu of King after the filing of the suggestion of death.  Indeed, the Court will not look favorably upon such a request absent specific legal authority that such a request would be warranted in this case.

DONE this the 23rd day of November, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE