IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANIE D. COBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09cv226-MEF |
| | ) | |
| ALABAMA DEPT. OF HUMAN | ) | |
| RESOURCES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a Third Amended Complaint (Doc. #36)[1] alleging unlawful

retaliation and race, sex/gender, age, and disability-based employment discrimination against

her in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities

Act of 1990, and the Age Discrimination in Employment Act of 1967.  Defendant has filed

an Answer (Doc. #34)[2] to the Complaint and, subsequently, a Fourth Motion to Dismiss

---

[1]        As demonstrated by the title of the Complaint and the docket in this case, Plaintiff
has been afforded numerous opportunities to amend her Complaint to conform with the Federal
Rules of Civil Procedure.  Indeed, Plaintiff was previously admonished by the District Judge that
her Complaint filed on November 5, 2009, would be "her final chance to properly articulate her
claims."  Order (Doc. #21) at 2.  Nevertheless, in recommending to the District Judge that
Plaintiff's Motion (Doc. #31) to further amend that "final" complaint be granted, the undersigned
advised Plaintiff that he would recommend that any further motion to amend be denied.
Plaintiff's Motion to Amend (Doc. #31) was granted by the District Judge and Plaintiff's
proposed amended complaint was docketed as her Third Amended Complaint (Doc. #36).

[2]        Defendants' Answer is in response to the proposed amended complaint Plaintiff
attached to her Motion to Amend (Doc. #31).  The Court ultimately granted the Motion to
Amend and the proposed amended complaint was docketed as Plaintiff's Third Amended
Complaint.

(Doc. #45).  The Motion to Dismiss seeks dismissal of the individually-named defendants in Plaintiff's original Complaint[3] (Doc. #1) whom are neither listed in the caption of the Third Amended Complaint nor named in any of the Third Amended Complaint's factual allegations.  Defendant contends that the previously-named individual defendants must be dismissed as defendants in this case because, although the Third Amended Complaint supersedes and replaces all prior complaints, they are not named, or even mentioned anywhere in the Third Amended Complaint and Plaintiff has already been provided with ample opportunities to articulate her claims.

Plaintiff filed an "Opposition" to the motion to dismiss, in which she contends, in essence, that the Third Amended Complaint "was submitted to clarify causes of action and against each defendant and in conformance . . . [but] did not change parties, but listed just the first party and related back to the original complaint, and amended complaint No. 2." Plaintiff's Opposition (Doc. #51) at 2.  In the "Opposition," Plaintiff also states her position with respect to any immunity defense asserted by Defendants and once again requests leave of Court to further amend her complaint to "add[] defendants as listed in original complaint, but amended to complaint No. 2 in the caption and party title, plus add detail from factual allegations." *Id.* at 3.  Plaintiff maintains that permitting further amendment of the complaint will neither prejudice Defendants nor cause undue delay to these proceedings.

Separately, Plaintiff has filed a "Motion for Leave to Amend Complaint" (Doc. #52),

---

[3]      These individually-named defendants are Nancy Buckner, Craig Nelson, Thomas King, Vera Warren, and Charles Johnson.  *See* Complaint (Doc. #1).

to which Plaintiff attached yet another proposed amended complaint.  The proposed amended complaint does not name the individual defendants in its caption, but does name each Defendant as an "agent" or "designee" of the Department of Human Resources in the section of the complaint dealing with "Parties" to the litigation.  However, the proposed amended complaint does not contain any specific factual allegations about the conduct of any of the individually-named Defendants.

Defendants next filed an "Objection to Plaintiff's Opposition" (Doc. #53), in which Defendants posit a number of perceived problems with Plaintiff's characterizations of her various complaints and further assert that her latest request to amend should be denied. Plaintiff then filed a "Response to Defendant's Opposition" (Doc. #54), in which Plaintiff reiterates her belief in the "relation back" of her Third Amended Complaint to prior complaints and appears to allege efforts on the part of Defendants to violate the terms of this Court's Scheduling Order (Doc. #48).  All of these various pleadings are now before the undersigned for disposition or appropriate recommendation.

The Court deems it prudent to first disabuse Plaintiff of the notion that her various amended complaints "relate back" to her original complaint.  The decision to amend a complaint, with leave of the court, carries with it the consequence that the Court will no longer rely upon Plaintiff's previous complaint(s).  That is, an amended complaint filed by Plaintiff "'supersedes [Plaintiff's] former pleading; the original pleading is abandoned by the amendment, and is no longer a part of [Plaintiff's] averments against [her] adversary.'"

*Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)); *see also Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").  Accordingly, the Court will not rely upon each complaint filed by Plaintiff in order to cobble together a single document which complies with all of the requirements of the Federal Rules of Civil Procedure concerning the identification of parties, statement of jurisdiction, and articulation of well-pled claims for relief.  Plaintiff's Third Amended Complaint (Doc. #36) supersedes all of Plaintiff's previous complaints, and is the only complaint relevant to this Court going forward.  Because Plaintiff's Third Amended Complaint fails to name any of the previously-named individual defendants in its caption or in the body of the complaint, Defendant's claim that those individual defendants should be dismissed as parties to this action is well-taken, provided that Plaintiff is not permitted yet another chance to amend her complaint to correct this deficiency.

Rule 15 of the Federal Rules of Civil Procedure instructs that leave to amend a complaint should be "freely given" by the court "when justice so requires."  The Court finds that "justice" does not require that Plaintiff be given leave to further amend her complaint because: 1) Plaintiff has been given multiple opportunities to amend her complaint and has twice been warned that such opportunity to amend would be her last; and 2) upon consideration of Plaintiff's proposed Fourth Amended Complaint, permitting Plaintiff to further amend her complaint would be futile for purposes of addressing the deficiencies

raised by Defendants.

As explained by the Court above, Plaintiff has been afforded several opportunities to amend her complaint in order to state her claims and otherwise conform with governing rules of procedure.  Moreover, in granting Plaintiff's last two requests for leave to amend, the District Judge and the undersigned have admonished Plaintiff that each amended complaint would be her final opportunity to amend.  Given these numerous opportunities, it strains any reasonable construction of "justice" to suggest that Plaintiff should be given yet another opportunity to amend.  Plaintiff's case has been pending for over a year now, and she has filed four different complaints with the Court.  Although Plaintiff is *pro se*, she is not entitled to the Court's repeated indulgence of alerting her to deficiencies in her pleadings and granting her leave to amend to correct such deficiencies.  *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (citations omitted).  Accordingly, "justice" does not, in this case, require that the Court afford Plaintiff a fourth opportunity to amend her complaint.

A second, more fundamental, reason why Plaintiff's request for leave to amend should be denied is that her request is futile for the purpose for which she proposes the amendment. It is well-settled that "a district court may properly deny leave to amend the complaint under

Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). "Leave to amend a complaint is futile when the complaint as amended would be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Upon consideration of the proposed Fourth Amended Complaint attached to Plaintiff's Motion for Leave to Amend Complaint (Doc. #52), the Court finds that dismissal of the individual Defendants would nevertheless be appropriate and that, therefore, Plaintiff's proposed amendment is futile.

First, as Defendants maintain, Plaintiff's proposed Fourth Amended Complaint does not allege a single discrete act committed by any of the individually-named defendants which, it is alleged, violated any of Plaintiff's rights and subjects that person(s) to liability. At most, the proposed Fourth Amended Complaint simply identifies each of the individually named Defendants and asserts that they are liable, in their individual and official capacities, under various provisions of federal law. However, without alleging any conduct on the part of any of these Defendants, Plaintiff has failed to satisfy the Federal Rules' notice pleading standards, even as applied to *pro se* pleadings. *See, e.g., Stewart v. Poway Unified School Dist. Bd. Of Educ. Trustees*, 240 F. App'x 196, 198 (9th Cir. 2007) (dismissing *pro se* plaintiff's complaint for failure to state a claim where "Third Amended Complaint (TAC) still lacked the necessary specific facts to give notice to any of the defendants as to the nature of the allegations against them" because defendants were only "identified in the section of

the complaint describing the parties, but the complaint does not specify against which defendants each individual claim is made or out of what specific actions the claims arise."). Without specific allegations of conduct respecting each Defendant, the named Defendants are not able to answer Plaintiff's allegations or otherwise prepare a defense. Hence, Plaintiff has failed to state a claim as to the individually-named Defendants.

Even excusing Plaintiff's failure to satisfy the notice-pleading standards of the Federal Rules, the individually-named Defendants are still entitled to dismissal from this suit. Plaintiff's Third Amended Complaint, as well as her proposed Fourth Amended Complaint, presents four causes of action: 1) "Title VII - Race and Sex Discrimination" under 42 U.S.C. § 2000e *et seq.*; 2) "Age Discrimination" under 29 U.S.C. §§ 621-34 (the Age Discrimination in Employment Act or "ADEA"); 3) "Title VII - Retaliation"; and 4) disability-based discrimination under 42 U.S.C. § 12101 *et seq* (the Americans with Disabilities Act of 1990 or "ADA"). Thus, Plaintiff is alleging two claims under Title VII of the Civil Rights Act of 1964, one claim under the ADEA, and one claim under the ADA. These provisions of federal law do not provide Plaintiff with a right of action against Defendants in their individual capacities. *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate."); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("We hold that the Disabilities Act does not provide for individual liability, only for employer liability."); *Albra v. Advan*, 490 F.3d 826, 830 (11th Cir. 2007) ("The ADA's definition of 'employer' is similar to that under Title VII and the

7

[ADEA] . . . and this court has held that neither of those Acts countenance individual liability.  In light of our construction of Title VII and the ADEA, we also have held that individual defendants are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA.").  Because Plaintiff may not maintain her suit, with respect to any of her claims, against the named Defendants in their individual capacities, she has failed to state any individual capacity claims upon which the court may grant relief.

Although, under *Busby*, "individual capacity suits . . . are inappropriate," a Plaintiff may bring suit against "supervisory employees as agents of the employer or by naming the employer directly."  931 F.2d at 772.  Hence, Plaintiff may bring "official capacity" suits against the named Defendants, provided such Defendants otherwise satisfy the definition of "employer" in governing statutes.[4]  However, because Plaintiff has named her employer, the Alabama Department of Human Resources, as a Defendant, her official capacity claims against any supervisors, as agents of the Department, are redundant and due to be dismissed. *See, e.g., Adams v. Cobb County School Dist.*, 242 F. App'x 616, 617 (11th Cir. 2007) (noting lower court's dismissal, on redundancy grounds, of defendants named in official capacities where plaintiff also named employer); *Wheeles v. Nelson's Elec. Motor Services*, 559 F. Supp.2d 1260, 1267 (M.D. Ala. 2008); *Moss v. W & A Cleaners*, 111 F. Supp.2d 1181, 1186 (M.D. Ala. 2000) ("[W[hile official-capacity suits against an employer's agents

---

[4]      It should be noted that Plaintiff does not indicate which, if any, of the named Defendants are "supervisory" in nature.

are proper, such suits are unnecessary where a plaintiff has also sued the employer.  In other words, if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action.").  This limitation on official-capacity suits against individual defendants applies in all of the contexts relevant to this case.  *See Puckett v. McPhillips Shinbaum*, 2008 WL 906569 at *7 (M.D. Ala. 2008) (holding that Title VII, ADEA, and ADA claims against individual defendants in their official capacities are redundant and due to be dismissed where the employer is named as a defendant).   In both her Third Amended Complaint and proposed Fourth Amended Complaint, Plaintiff describes each of the named individual Defendants as "an agent" of Plaintiff's employer, Defendant Alabama Department of Human Resources.  Accordingly, the named Defendants being sued in their official capacities are due to be dismissed as Defendants in this suit because Plaintiff's causes of action against such Defendants are redundant and duplicate her claims against her, and their, employer.

Because Defendant cannot maintain individual-capacity claims, under any of the causes of action she has alleged in her various complaints, against the named Defendants, and because her official-capacity claims against such Defendants are redundant and unnecessary in light of her causes of action against her employer, the individually-named Defendants are due to be dismissed as Defendants to this suit.

For all of the foregoing reasons, the Magistrate Judge RECOMMENDS as follows:

1.    that Defendant's Motion to Dismiss (Doc. #45) the individually-named

Defendants in their individual and official capacities be GRANTED;

2.      that Defendants Nancy Buckner, Craig Nelson, Thomas King, Vera Warren, and Charles Johnson be DISMISSED as Defendants in this suit;

3.      that Plaintiff's Motion for Leave to Amend Complaint (Doc. #52) be DENIED; and

4.      that this matter be REFERRED back to the undersigned for further appropriate proceedings.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 14, 2010.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 30th day of April, 2010.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE